## ENTNER v. UNITED STATES.
### Civ. No. 1238.

District Court, S. D. Ohio, W. D.
May 29, 1946.

Robert N. Gorman, of Cincinnati, Ohio, for plaintiff.

Ray J. O'Donnell, U. S. Atty., of Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

The court having heard the evidence in this cause, hereby makes the following Findings of Facts and Conclusions of Law.

#### Findings of Fact

1. The plaintiff, Louis V. Entner, was during the period involved in these proceedings, and from September 1, 1937 to date, engaged in the business of selling automobiles at 4040 Spring Grove Avenue, Cincinnati, Ohio.

2. That on or about September 1, 1937 said Louis V. Entner entered into an arrangement with one John Hall to paint automobiles and repair fenders on automobiles.

3. The shop operated by Hall was on the property leased and under the control of Entner, and above the door was a sign "John Hall, Repair of Automobiles."

4. Hall had the right to hire and discharge employees, fix their wages, fix their hours, and exercised complete control over their working conditions.

5. Entner referred paint jobs and repair work to Hall. Hall had the right to fix prices for the work, purchased all materials and had the right to reject any business sent to him by Entner.

6. In addition to the business Entner referred to him, which amounted to 30% of his total, Hall did painting and repair work for customers who came to him directly.

7. After Hall made charges on individual accounts these were turned over to Entner, who sent out bills on letterheads of Entner. Hall had no bookkeeper or any bill heads.

8. Each week a settlement was made, Hall receiving 70% of the accounts, and Entner receiving 30% of the accounts. There was only one or two losses sustained, and they were adjusted between Entner and Hall. In case of disputes with customers Hall adjusted these disputes.

9. Hall paid no rent, and the 30% received by Entner was for rent of premises and billing and collecting services rendered by Entner.

10. This arrangement was actually in force from September 1, 1937 to the date of the trial. Hall during this period hired from one to five employees to assist him in the repair and painting work.

11. On or about November 7, 1942 the Collector of Internal Revenue of the United States made an assessment against the plaintiff, Louis V. Entner, for the sum of $507.88 for taxes, interest and penalty claimed to be due from the plaintiff under the Federal Insurance Contributions Act, 26 U.S.C.A. Int.Rev.Code, § 1400 et seq., for the period from October 1, 1938 to September 30, 1942, and an assessment in the sum of $418.15 on November 12, 1942 for

taxes, interest and penalty claimed to be due from plaintiff under the Federal Unemployment Tax Act, 26 U.S.C.A. Int.Rev.Code, § 1600 et seq., for the calendar years commencing January 1, 1939 and ending December 31, 1941, on the ground that John Hall was an employee of the plaintiff in performing the work of repairing and painting automobiles and fenders.

Claims for abatement of said taxes, penalty and interest were filed by the plaintiff with the Collector of Internal Revenue and disallowed. On September 24, 1943, the plaintiff paid to the Collector of Internal Revenue the sum of $482.01; on October 25, 1943, the sum of $226.09 and on November 24, 1943 the sum of $217.93 as assessed against him, making a total of $926.03 of which amount $507.88 was under the Federal Insurance Contributions Act, and $418.15 under the Federal Unemployment Tax Act.

Claims for refund of said payments, of tax, penalty and interest were filed by plaintiff on June 22, 1944 and said claims for refund were disallowed in full by the Commissioner of Internal Revenue on October 26, 1944.

### Conclusions of Law

1. The court finds that said John Hall was not an employee of the plaintiff, Louis V. Entner, but was an independent contractor, during the times set forth in petition of plaintiff.

2. The court finds that the assessment of said taxes, interest and penalties against plaintiff as set forth above in the finding of facts was illegal and contrary to the provision of the United States Statutes relating to such payroll taxes.

3. The court finds plaintiff is entitled to a refund from defendant, the sum of $418.15 with interest at 6% from September 24, 1943 until paid, representing taxes, interest and penalties illegally assessed under the Federal Unemployment Tax Act of the United States, and the sum of $63.86 with interest at 6% from September 24, 1943 until paid, and the sum of $226.09 with interest at 6% from October 25, 1943 until paid, and the sum of $217.93 with interest at 6% from November 24, 1943 until paid, the latter three amounts being due for taxes, interest

and penalties illegally assessed under the Federal Insurance Contributions Act of the United States.